# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**RICKEY DEWAYNE CHRISTIE,**

    Petitioner,

v.

**DOUG BYRD, Warden,**

    Respondent.

Case No. CIV 13-045-RAW-KEW

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at John Lilley Correctional Center in Boley, Oklahoma, attacks his conviction in Cherokee County District Court Case No. CF-2005-171 for First Degree Manslaughter.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 03/13/2008 | Petitioner's direct appeal was affirmed in *Christie v. State*, No. F-2006-945 (Okla. Crim. App. Mar. 13, 2008). |
| 04/11/2008 | Petitioner filed an application for post-conviction relief in the Cherokee County District Court. |
| 06/11/2008 | Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. |
| 09/18/2009 | The state district court denied petitioner's application for post-conviction relief. |
| 02/10/2010 | Petitioner sought a post-conviction appeal out of time in the Cherokee County District Court. |
| 05/19/2010 | The Cherokee County District Court denied petitioner's application for a post-conviction appeal out of time. |

06/08/2010   Petitioner filed an appeal of the denial of an out-of-time post-conviction appeal.

07/09/2010   The Court of Criminal Appeals denied petitioner's application for a post-conviction appeal out of time in *Christie v. State*, No. PC-2010-549 (Okla. Crim. App. July 9, 2010).

01/25/2013   Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As set forth above, petitioner's direct appeal of his conviction was affirmed by the Oklahoma Court of Criminal Appeals on March 13, 2008. His conviction became final on June 11, 2008, upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired).

Pursuant to 28 U.S.C. § 2244(d)(2), however, the statute of limitations is tolled while

a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed a post-conviction application in the Cherokee County District Court on April 11, 2008, and it was denied on September 18, 2009. He did not file a post-conviction appeal, but the 30 days allowed for such an appeal tolls the limitation period "during the period in which the petitioner *could have* sought an appeal under state law." *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (emphasis in original). Because petitioner's first motion for post-conviction relief was filed prior to his conviction becoming final, the one-year limitation period did not start to run until October 18, 2009, when the post-conviction proceedings were final. Therefore, petitioner's statutory year began on October 19, 2009, and expired on October 19, 2010. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final).

On February 10, 2010, petitioner filed a post-conviction appeal out of time in the Cherokee County District Court, which was denied on May 19, 2010. The Court of Criminal Appeals also denied his application for a post-conviction appeal out of time in *Christie v. State*, No. PC-2010-549 (Okla. Crim. App. July 9, 2010). The 149 days these proceedings were pending extended petitioner's habeas filing deadline from October 19, 2010, to March 17, 2011. This habeas corpus petition, filed on January 25, 2013, was untimely.

The record shows that petitioner filed a previous petition for a writ of habeas corpus attacking his conviction in this court. Although the first, unexhausted federal habeas petition, Case No. CIV-09-456-FHS-KEW, was filed within the statutory year, it did not toll the statute of limitations. *See York v. Galetka*, 314 F.3d 522, 526 (10th Cir. 2003) (citing *Duncan v. Walker*, 533 U.S. 167, 172-82) (2001)).

Petitioner's two requests for mandamus relief in the Oklahoma Court of Criminal Appeals, Case Nos. MA-11-408 and HC-12-513, also did not toll the limitation period, because those proceedings were commenced after expiration of the limitation period. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003). Furthermore, his motion for

3

judicial review, filed in the Cherokee County District Court on March 3, 2008, and denied on March 26, 2008, would have no effect on the timeliness of this habeas action, even if it were capable of tolling the limitation period. *See Bynum v Howard*, No. 08-6221, 317 Fed. Appx. 788, 789 n.1 (10th Cir. Mar. 20, 2009) (unpublished) (expressing doubt whether a motion for modification of sentence is capable of tolling the limitation period, but noting that the habeas petition would not be timely, even if the motion could toll the time).

**ACCORDINGLY,** respondent's motion to dismiss time-barred petition (Docket No. 6) is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 25th day of March 2014.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

4